THE MECHANICS' MUTUAL LOAN ASSOCIATION v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER.

1. To a count that the board of freeholders built a wall stopping up a private way, a demurrer will not lie on the ground that as the board was engaged in a public work it is irresponsible, there being no basis for such a contention, as the fact of their being so engaged does not appear in the declaration.
2. If such fact be a defence, it must be pleaded.

---

In tort.   On demurrer to declaration.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff, *Edward W. Evans* and *William M. Lanning.*

For the defendant, *Edwin Robert Walker* and *Garret D. W. Vroom.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case stands before the court on a general demurrer to the several counts contained in the declaration.

The object of the defence in thus pleading was to raise the question whether the county was responsible for the building of a wall that stopped up a way that was appurtenant to certain property of the plaintiff. The theory of the defence was that the county, in building this obstruction, did so in the performance of a public duty, and therefore, upon general principles, was not liable for the damages resulting.

But this contention has no basis in this record, for it nowhere appears that the defendant in doing the acts set forth was, in any measure, in the performance of any public function. All that we know upon this subject is that the defendant obstructed the plaintiff's passageway. Consequently the defendant is presented to the court, as it plainly appears, in the character of an ordinary trespasser. In the present aspect of the case it is impossible for the court to inject into it the circumstance that was assumed in the argument that these officers of the county were in this matter discharging a public obligation. If such a fact exist and if it be important to the issue, it must be brought before it by a plea.

Let the demurrer be overruled.